**B1040 (FORM 1040) (12/15)**

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> FIRST BANK & TRUST | **DEFENDANTS** <br> 2B FARMS, A TEXAS GENERAL PARTNERSHIP, TERRY ROBINSON and REBECCA ROBINSON |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> C. DUNHAM BILES <br> STEPTOE & JOHNSON PLLC <br> 500 NORTH AKARD ST., SUITE 3200, DALLAS, TX 75201 <br> PHONE: 214-251-8514 | **ATTORNEYS** (If Known) <br> TIMOTHY T. PRIDEMORE <br> TODD J. JOHNSTON <br> 1722 BROADWAY, LUBBOCK, TX 79408 <br> 806-762-0214 |
| **PARTY** (Check One Box Only) <br> □ Debtor   □ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor   □ Other <br> □ Trustee | **PARTY** (Check One Box Only) <br> ☒ Debtor   □ U.S. Trustee/Bankruptcy Admin <br> □ Creditor   □ Other <br> □ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Breach of contract; recovery of collateral

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- □ 11-Recovery of money/property - §542 turnover of property
- □ 12-Recovery of money/property - §547 preference
- □ 13-Recovery of money/property - §548 fraudulent transfer
- ☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- □ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- □ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- □ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- □ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- □ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- □ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- □ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- □ 61-Dischargeability - §523(a)(5), domestic support
- □ 68-Dischargeability - §523(a)(6), willful and malicious injury
- □ 63-Dischargeability - §523(a)(8), student loan
- □ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- □ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- □ 71-Injunctive relief – imposition of stay
- □ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- □ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- □ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- □ 01-Determination of removed claim or cause

**Other**
- □ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- □ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $8,500,000.00 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>**2B FARMS, a Texas General Partnership, et al.** || BANKRUPTCY CASE NO.<br>23-50096 and 23-50097 (rlj12) Jointly Administered ||
| DISTRICT IN WHICH CASE IS PENDING<br>Northern || DIVISION OFFICE<br>Lubbock | NAME OF JUDGE<br>Robert L. Jones |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| PLAINTIFF<br>HTLF BANK | DEFENDANT<br>2B FARMS, A TEXAS GENERAL PARTNERSHIP, TERRY ROBINSON and ANGELA ROBINSON || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Northern || DIVISION OFFICE<br>Lubbock | NAME OF JUDGE<br>Robert L. Jones |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>  /s/  C. Dunham Biles ||||
| DATE<br>7/13/2023 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>C. Dunham Biles |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## LUBBOCK DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 12 Case |
| 2B Farms, a Texas General Partnership, et al., | § § | Case No. 23-50096-rlj12 |
| *Debtors*. | § § § | Jointly Administered |
| FIRST BANK & TRUST, | § § | |
| Plaintiff, | § § | Adv. Proc. No. _____ |
| v. | § § | Removal from District Court of |
| 2B FARMS, A TEXAS GENERAL PARTNERSHIP, TERRY ROBINSON, AND REBECCA ROBINSON, | § § § § § | Lubbock County, Texas, Cause No. DC-2023-CV-0565 |
| Defendants. | | |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that HTLF Bank as successor to First Bank & Trust ("HTLF Bank") gives notice of removal of the above-captioned state court civil action from the District Court of Lubbock County, Texas, to the United States Bankruptcy Court for the Northern District of Texas, Lubbock Division, pursuant to 28 U.S.C. §§ 1452(a), 1334(b), and 157(a), and Rule 9027(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). In support of this Notice of Removal, HTLF Bank states as follows.

**Nature of Removed Action**

1. On May 9, 2023, HTLF Bank commenced Cause No. DC-2023-CV-0565 in the District Court of Lubbock County, Texas, by filing a Verified Petition for Enforcement of Security

Agreements, Money Damages, Application for Appointment of a Receiver, Application for Temporary Restraining Order, and Temporary Injunction, and Application for Writ of Sequestration ("Verified Petition") against Defendants 2B Farms ("2B Farms"), Terry Robinson, and Rebecca Robinson ("Robinsons") (collectively "Defendants").

2. On May 15, 2023, HTLF Bank filed a Notice of Rule 11 Agreement between HTLF Bank and Defendants, in which counsel for Defendants agreed to accept service on behalf of Defendants as of May 9, 2023.

3. Also on May 15, 2023, in order to properly identify 2B Farms as a Texas General Partnership, HTLF Bank filed a First Amended Verified Petition for Enforcement of Security Agreements, Money Damages, Application for Appointment of a Receiver, Application for Temporary Restraining Order, and Temporary Injunction, and Application for Writ of Sequestration against Defendants, which was served by email on counsel for Defendants on the same day.

4. This Notice of Removal is accompanied by copy of all process and proceedings served on Defendants in the state court action pursuant to Bankruptcy Rule 9027(a)(1) and this Court's Local Bankruptcy Rule 9027-1(c).

**Timeliness of Removal**

5. On May 9, 2023, HTLF Bank commenced the state court action by filing the Verified Petition. Defendants accepted service of the Verified Petition on that same date as provided in their Rule 11 Agreement with HTLF Bank filed on May 15, 2023.

6. On June 1, 2023, 2B Farms filed a Voluntary Petition for Non-Individuals Filing for Bankruptcy ("2B Farms' Petition") under Chapter 12 with this Court in Case No. 23-50096-rlj12.

7. On June 1, 2023, the Robinsons filed a Voluntary Petition for Individuals Filing for Bankruptcy ("Robinsons' Petition") under Chapter 12 with this Court in Case No. 23-50097-rlj12.

8. HTLF Bank's state court action was pending when Defendants commenced their Chapter 12 bankruptcy cases with this Court.  Pursuant to Bankruptcy Rule 9027(a)(2), HTLF Bank has filed this Notice of Removal:  (a) before the expiration of 90 days after an order for relief is entered by this Court; and (b) before the expiration of 30 days after entry of an order terminating a stay of the state court civil action.

9. Further, because Defendants' bankruptcy cases were filed under Chapter 12, any time limits in Bankruptcy Rule 9027(a)(2) associated with trustee qualification in Chapter 11 cases do not apply to this Notice of Removal.

### Propriety of Venue

10. Venue is proper in this Court under 28 U.S.C. § 1452(a) because the state court action has been pending in the district where this Court is located.

### Basis of Removal

11. Removal is proper pursuant to 28 U.S.C. § 1452(a), which provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  "[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."[1]

---

[1] 28 U.S.C. § 1334(b).

3

12. Defendants filed their bankruptcy actions with this Court, which are now being jointly administered by this Court, under title 11 of the United States Code. This Court therefore has jurisdiction over Defendants' bankruptcy actions pursuant to 28 U.S.C. § 1334.

13. Prior to Defendants' bankruptcy filings with this Court, HTLF Bank had commenced the state court civil action against Defendants to recover for unpaid obligations of Defendants to HTLF Bank. 2B Farms had overdrawn its bank account with HTLF Bank in an amount exceeding $5 million and had defaulted on a business loan from HTLF Bank resulting in a debt of approximately $3.5 million to HTLF Bank. The Robinsons are general partners in 2B Farms and are guarantors of the debts of 2B Farms to HTLF Bank. At the time the state court action was filed, Defendants were indebted to HTLF Bank in the approximate amount of $8.5 million.[2] As a result, HTLF Bank brought the state court civil action against Defendants to secure its collateral, obtain repayment through liquidation and distribution of sales proceeds, and receive any other available relief for Defendants' unpaid obligations.

14. HTLF Bank is a creditor of Defendants. HTLF Bank maintains security interests in the property of Defendants' bankruptcy estate, including livestock, farm products, equipment, inventory, fixtures, appurtenances, and other property of the Defendants located primarily in Scurry County, Texas. HTLF Bank seeks to enforce those security interests in this bankruptcy action.

15. This action is a "core proceeding" within the meaning of 28 U.S.C. §§ 157(b) and 1334(b) and, to the extent this Court finds that this civil action is not a "core proceeding," the civil

---

[2] Between the date of the state court action being filed (May 9, 2023) and the filing of the bankruptcy petitions (June 1, 2023), HTLF Bank and Defendants worked cooperatively to sell cattle and pay down the indebtedness owed to the Bank, which is now less than the original $8.5 million.

4

action is at least a "non-core proceeding" that invokes the "related to" jurisdiction of the bankruptcy courts pursuant to 28 U.S.C. §§ 157, 1334, and 1452.

16. HTLF Bank's state court civil action to enforce its security interests to recover for unpaid obligations of Defendants is "related to" Defendants' bankruptcy actions as required by 28 U.S.C. § 1334(b) for this Court to exercise jurisdiction over HTLF Bank's claims.[3] HTLF Bank's state court civil action is "related to" Defendants' bankruptcy actions in this Court because the outcome of those bankruptcy actions would impact the handling and administration of Defendants' bankruptcy estate and HTLF Bank's ability to recover from that estate for Defendants' unpaid obligations.

17. On July 12, 2023, HTLF Bank filed proof of claim forms with this Court for the unpaid obligations of Defendants. Determination of the exact amount of HTLF Bank's claims against Defendants, as well as the amount of the claims that will be allowed and paid from the Defendants' bankruptcy estate, is necessary to determine what amount, if any, HTLF Bank can recover from Defendants through enforcement of its security interests.

18. HTLF Bank consents to entry of final orders or judgment by the bankruptcy court.

19. HTLF Bank's state court civil action is pending in the District Court of Lubbock County, Texas, which is within the jurisdiction of the United States Bankruptcy Court for the Northern District of Texas, Lubbock Division, pursuant to 28 U.S.C. §§ 1334(b) and 157(a).

20. HTLF Bank has the right to remove its state court civil action against Defendants to this Court without consent from Defendants.[4]

---

[3] *See In re LJM2 Co-Inv., L.P.*, 319 B.R. 495, 500 (Bankr. N.D. Tex. 2005) ("To ascertain whether bankruptcy jurisdiction exists [over a removed state court civil action], the court need only determine whether a matter is at least 'related to' the bankruptcy."); L.B.R. 9027-1(a).

[4] *See* 28 U.S.C. § 1452(a) ("*A party* may remove any claim . . .") (emphasis added); *In re Guerrero*, No. 12-35341, 2013 WL 6834642, at *4 (Bankr. S.D. Tex. Dec. 20, 2013) ("Because any one *party* may remove an action under § 1452, consent is irrelevant.") (emphasis in original).

5

21. HTLF Bank has paid the adversary proceeding filing fee required by this Court pursuant to 28 U.S.C. § 1930 and this Court's Local Bankruptcy Rule 9027-1(b).

22. HTLF Bank has filed with this Notice of Removal a completed Adversary Proceeding Cover Sheet pursuant to this Court's Local Bankruptcy Rule 9027-1(a).

23. HTLF Bank will provide written notice of the filing of this Notice of Removal to Defendants promptly after filing the Notice of Removal pursuant to Bankruptcy Rule 9027(b).

24. HTLF Bank will file a copy of this Notice of Removal with the Clerk of the District Court of Lubbock County, Texas, pursuant to Bankruptcy Rule 9027(c).

25. This Notice of Removal is signed pursuant to Bankruptcy Rules 9011 and 9027(a)(1).

WHEREFORE, HTLF Bank as successor to First Bank & Trust respectfully requests that the above-captioned state court civil action be removed from the District Court of Lubbock County, Texas, to the United States Bankruptcy Court for the Northern District of Texas, Lubbock Division, as provided by law.

Dated: July 13, 2023    Respectfully submitted,

**STEPTOE & JOHNSON PLLC**

*/s/ C. Dunham Biles*
C. Dunham Biles (TX Bar No. 24042407)
Steptoe & Johnson PLLC
500 North Akard Street, Suite 3200
Dallas, Texas 75201
Phone: 214-251-8514
Fax: 214-393-4099
dunham.biles@steptoe-johnson.com


**LOVELL, LOVELL, ISERN & FARABOUGH, LLP**

John H. Lovell (TX Bar No. 12609300)
Lovell, Lovell, Isern & Farabough, LLP
112 SW 8 th Ave., Suite 1000
Amarillo, Texas 79101
806-373-1515
John@lovell-law.net

*Attorneys for HTLF Bank*

7

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 12 Case |
| 2B Farms, a Texas General Partnership, et al., | § § | Case No. 23-50096-rlj12 |
| *Debtors*. | § § § | Jointly Administered |

| | | |
|---|---|---|
| FIRST BANK & TRUST, | § § | |
| Plaintiff, | § § | Adv. Proc. No. _____ |
| v. | § § | |
| | § § | Removal from District Court of |
| 2B FARMS, A TEXAS GENERAL PARTNERSHIP, TERRY ROBINSON, AND REBECCA ROBINSON, | § § § § | Lubbock County, Texas, Cause No. DC-2023-CV-0565 |
| Defendants. | | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2023, a copy of this Notice of Removal was sent via ECF Noticing to all parties registered to receive CM/ECF Notices in these Chapter 12 cases.

*/s/ C. Dunham Biles*
C. Dunham Biles (TX Bar No. 24042407)
Steptoe & Johnson PLLC
500 North Akard Street, Suite 3200
Dallas, Texas 75201
Phone: 214-251-8514
Fax: 214-393-4099
dunham.biles@steptoe-johnson.com

*Attorney for HTLF Bank*

17007608

8