**Fill in this information to identify the case:**

Debtor 1    2B Farms, a Texas General Partnership

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: Northern District of Texas  ☑

Case number    23-50096

## Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

HTLF Bank

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor   First Bank & Trust Company

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

C. Dunham Biles
Name
500 North Akard Street, Suite 3200
Number    Street
Dallas    TX    75201
City    State    ZIP Code

Contact phone 214-251-8514

Contact email Dunham.Biles@steptoe-johnson.com

Where should payments to the creditor be sent? (if different)

HTLF Bank
Name
9816 Slide Road
Number    Street
Lubbock    TX    79424
City    State    ZIP Code

Contact phone 877-280-1864

Contact email slarson@htlf.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on ____/____/____
                                                                                  MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

**EXHIBIT**

**A**

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _1_ _7_ _6_ _7_ |

**7. How much is the claim?**   $_____208,586.88___ Does this amount include interest or other charges?

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Default under loan agreement as guarantor

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☑ Motor vehicle

☑ Other. Describe:   all livestock (including all increase and supplies)

**Basis for perfection:**   Security agmt, title certif, limited power of att, life ins policy

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:   $   852,800.00

Amount of the claim that is secured:   $   203,286.88

Amount of the claim that is unsecured:  $_____0.00___ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $   204,586.88

**Annual Interest Rate** (when case was filed) _18.00_ %

☑ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. Check one:

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:    Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    07/12/2023
　　　　　　　　　　　MM / DD / YYYY

/s/ D. Steven Larson
Signature

Print the name of the person who is completing and signing this claim:

| Name | D. Steven Larson | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Special Assets Manager, Vice President | | |
| Company | HTLF Bank | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 6131 Nesbitt Rd. | | |
| | Number    Street | | |
| | Fitchburg | WI | 53719 |
| | City | State | ZIP Code |
| Contact phone | 6084388333 | Email | slarson@htlf.com |

**Fill in this information to identify the case:**

Debtor 1    2B Farms, a Texas General Partnership

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: Northern District of Texas

Case number   23-50096

---

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | **HTLF Bank**<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor   First Bank & Trust Company |
| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes. From whom? _____ |

| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|---|
| | **C. Dunham Biles**<br>Name | **HTLF Bank**<br>Name |
| | **500 North Akard Street, Suite 3200**<br>Number   Street | **9816 Slide Road**<br>Number   Street |
| | **Dallas**    **TX**    **75201**<br>City    State    ZIP Code | **Lubbock**    **TX**    **79424**<br>City    State    ZIP Code |
| | Contact phone **214-251-8514** | Contact phone **877-280-1864** |
| | Contact email **Dunham.Biles@steptoe-johnson.com** | Contact email **siarson@htlf.com** |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one): <br><br>__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ | |

| | |
|---|---|
| 4. Does this claim amend one already filed? | ☑ No<br>☐ Yes. Claim number on court claims registry (if known) _____    Filed on ____/____/____ <br>                                                      MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes. Who made the earlier filing? _____ |

**EXHIBIT**

**B**

## Part 2:    Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  8  2  7  0

**7. How much is the claim?**    $_____2,716,473.80__  Does this amount include interest or other charges?

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Default on loan agreement

**9. Is all or part of the claim secured?**

☐ No

☑ Yes.  The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☑ Other. Describe:    Livestock, inventory, farm products, farm equip, life ins policy

Basis for perfection:    UCC Financing Statement Number: 22-0037540205

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:    $    3,599,548.75

Amount of the claim that is secured:    $    3,599,548.75

Amount of the claim that is unsecured:  $_____0.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:    $    2,664,601.29

Annual Interest Rate (when case was filed) 18.00 %

☑ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. Check one: | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:    Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    07/12/2023
                    MM / DD / YYYY

/s/ D. Steven Larson
Signature

Print the name of the person who is completing and signing this claim:

| Name | D. Steven Larson | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Special Assets Manager, Vice President | | |
| Company | HTLF Bank | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 6131 Nesbitt Rd. | | |
| | Number    Street | | |
| | Fitchburg | WI | 53719 |
| | City | State | ZIP Code |
| Contact phone | 6084388333 | Email slarson@htlf.com | |

**Fill in this information to identify the case:**

Debtor 1    2B Farms, a Texas General Partnership

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: Northern District of Texas    ☑

Case number    23-50096

---

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:    Identify the Claim

| | |
|---|---|
| **1. Who is the current creditor?** | HTLF Bank <br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor  First  Bank & Trust Company |
| **2. Has this claim been acquired from someone else?** | ☑ No <br> ☐ Yes.  From whom? _____ |

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

C. Dunham Biles
Name

500 North Akard Street, Suite 3200
Number    Street

Dallas               TX          75201
City                 State       ZIP Code

Contact phone  214-251-8514

Contact email  Dunham.Biles@steptoe-johnson.com

Where should payments to the creditor be sent? (if different)

HTLF Bank
Name

9816 Slide Road
Number    Street

Lubbock              TX          79424
City                 State       ZIP Code

Contact phone  877-280-1864

Contact email  slarson@htlf.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___

| | |
|---|---|
| **4. Does this claim amend one already filed?** | ☑ No <br> ☐ Yes.  Claim number on court claims registry (if known) _____    Filed on ____ / ____ / ____ <br> MM / DD / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No <br> ☐ Yes.  Who made the earlier filing? _____ |

**EXHIBIT**

C

**Part 2:   Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: <u>8</u> <u>2</u> <u>7</u> <u>0</u> |

---

7. **How much is the claim?**  $_____5,309,317.61___ . Does this amount include interest or other charges?

    ☐ No

    ☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

<u>Overdrawn business checking account</u>

---

9. **Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

    **Nature of property:**

    ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

    ☐ Motor vehicle

    ☐ Other. Describe: _____

    **Basis for perfection:** _____

    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

    **Value of property:** $_____

    **Amount of the claim that is secured:** $_____

    **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

    **Amount necessary to cure any default as of the date of the petition:** $_____

    **Annual Interest Rate** (when case was filed)_____%

    ☐ Fixed

    ☐ Variable

---

10. **Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

---

11. **Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

---

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. Check one: | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    07/12/2023
                     MM / DD / YYYY

/s/ D. Steven Larson
Signature

Print the name of the person who is completing and signing this claim:

| Name | D. Steven Larson | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Special Assets Manager, Vice President | | |
| Company | HTLF Bank | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 6131 Nesbitt Rd. | | |
| | Number      Street | | |
| | Fitchburg | WI | 53719 |
| | City | State | ZIP Code |
| Contact phone | 6084388333 | Email | slarson@htlf.com |

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | Terry M. Robinson |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Northern District of Texas ▼ |
| Case number | 23-50097 |

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | **HTLF Bank** <br> Name of the current creditor (the person or entity to be paid for this claim) <br> Other names the creditor used with the debtor **First Bank & Trust Company** |
| 2. Has this claim been acquired from someone else? | ☑ No <br> ☐ Yes.  From whom? _____ |
| 3. Where should notices and payments to the creditor be sent? <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** <br><br> C. Dunham Biles <br> Name <br> 500 North Akard Street, Suite 3200 <br> Number        Street <br> Dallas        TX        75201 <br> City        State        ZIP Code <br><br> Contact phone 214-251-8514 <br><br> Contact email Dunham.Biles@steptoe-johnson.com |   **Where should payments to the creditor be sent? (if different)** <br><br> HTLF Bank <br> Name <br> 9816 Slide Road <br> Number        Street <br> Lubbock        TX        79424 <br> City        State        ZIP Code <br><br> Contact phone 877-280-1864 <br><br> Contact email slarson@htlf.com |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one): <br> __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ |
| 4. Does this claim amend one already filed? | ☑ No <br> ☐ Yes.  Claim number on court claims registry (if known) _____        Filed on ___ / ___ / _____ <br>                                                  MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No <br> ☐ Yes.  Who made the earlier filing?  _____ |

**EXHIBIT**

tabbies™

**D**

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  1   7   6   7

---

**7. How much is the claim?**   $ _____ 208,586.88 . Does this amount include interest or other charges?

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Default under loan agreement as guarantor

---

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☑ Motor vehicle

☑ Other. Describe:   all livestock (including all increase and supplies)

**Basis for perfection:**   Security agmt, title certif, limited power of att, life ins policy

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $   852,800.00

**Amount of the claim that is secured:**   $   203,286.88

**Amount of the claim that is unsecured:** $ _____ 0.00  (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $ _____ 204,586.88

**Annual Interest Rate** (when case was filed) 18.00 %

☑ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $ _____

---

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

---

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | | Amount entitled to priority |
|---|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. Check one: | | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  07/12/2023
                  MM / DD / YYYY

/s/ D. Steven Larson
Signature

Print the name of the person who is completing and signing this claim:

| Name | D. Steven Larson | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Special Assets Manager, Vice President | | |
| Company | HTLF Bank | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 6131 Nesbitt Rd. | | |
| | Number  Street | | |
| | Fitchburg | WI | 53719 |
| | City | State | ZIP Code |
| Contact phone | 6084838333 | Email | slarson@htlf.com |

**Fill in this information to identify the case:**

Debtor 1     Terry M. Robinson

Debtor 2     Rebecca A. Robinson
(Spouse, if filing)

United States Bankruptcy Court for the: Northern District of Texas      ▼

Case number   23-50097

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Part 1:   Identify the Claim

| | |
|---|---|
| 1. **Who is the current creditor?** | **HTLF Bank**<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor **First Bank & Trust Company** |
| 2. **Has this claim been acquired from someone else?** | ☑ No<br>☐ Yes. From whom? _____ |

3. **Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| C. Dunham Biles<br>Name | HTLF Bank<br>Name |
| 500 North Akard Street, Suite 3200<br>Number    Street | 9816 Slide Road<br>Number    Street |
| Dallas         TX      75201<br>City         State      ZIP Code | Lubbock        TX      79424<br>City        State       ZIP Code |
| Contact phone 214-251-8514 | Contact phone 877-280-1864 |
| Contact email Dunham.Biles@steptoe-johnson.com | Contact email slarson@htlf.com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

| | |
|---|---|
| 4. **Does this claim amend one already filed?** | ☑ No<br>☐ Yes. Claim number on court claims registry (if known) _____          Filed on ___/___/_____<br>                                                                         MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No<br>☐ Yes. Who made the earlier filing? _____ |

**EXHIBIT**

tables™

**E**

Official Form 410                                                        page 1

**Part 2:   Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  8   2   7   0 |

---

7. How much is the claim?   $ _____ 5,309,317.61 . Does this amount include interest or other charges?

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

8. What is the basis of the claim?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Overdrawn business checking account

---

9. Is all or part of the claim secured?

☑ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:   $ _____

Amount of the claim that is secured:   $ _____

Amount of the claim that is unsecured:  $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $ _____

Annual Interest Rate (when case was filed) _____ %

☐ Fixed

☐ Variable

---

10. Is this claim based on a lease?

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.   $ _____

---

11. Is this claim subject to a right of setoff?

☑ No

☐ Yes. Identify the property: _____

---

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | |

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).        $_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).        $_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).        $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).        $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).        $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.        $_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:   Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   07/12/2023
                    MM / DD / YYYY

/s/ D. Steven Larson
    Signature

Print the name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | D. Steven Larson | | |
| | First name | Middle name | Last name |
| Title | Special Assets Manager, Vice President | | |
| Company | HTLF Bank | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 6131 Nesbitt Rd. | | |
| | Number        Street | | |
| | Fitchburg | WI | 53719 |
| | City | State | ZIP Code |
| Contact phone | 6084388333 | Email | slarson@htlf.com |

**Fill in this information to identify the case:**

Debtor 1    Terry M. Robinson

Debtor 2    Rebecca A. Robinson
(Spouse, if filing)

United States Bankruptcy Court for the:  Northern District of Texas    ☑

Case number  23-50097

---

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:  Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | **HTLF Bank**<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor  **First Bank & Trust Company** |
| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes. From whom? _____ |

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

C. Dunham Biles
Name

500 North Akard Street, Suite 3200
Number    Street

Dallas                    TX        75201
City                      State     ZIP Code

Contact phone  214-251-8514

Contact email  Dunham.Biles@steptoe-johnson.com

**Where should payments to the creditor be sent?** (if different)

HTLF Bank
Name

9816 Slide Road
Number    Street

Lubbock                   TX        79424
City                      State     ZIP Code

Contact phone  877-280-1864

Contact email  slarson@htlf.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _

| | |
|---|---|
| 4. Does this claim amend one already filed? | ☑ No<br>☐ Yes. Claim number on court claims registry (if known) _____    Filed on ___/___/_____<br>MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes. Who made the earlier filing? _____ |

**EXHIBIT**

**F**

Official Form 410

page 1

## Part 2:    Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _8_ _2_ _7_ _0_

**7. How much is the claim?**    $_____2,716,473.80_. Does this amount include interest or other charges?

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Default under loan agreement as guarantors

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**    $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:**  $_____(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed)_____%
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. Check one: | **Amount entitled to priority** |

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).  $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.  $_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    07/12/2023
                    MM / DD / YYYY

/s/ D. Steven Larson
Signature

Print the name of the person who is completing and signing this claim:

| Name | D. Steven Larson | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Special Assets Manager, Vice President | | |
| Company | HTLF Bank | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 6131 Nesbitt Rd. | | |
| | Number   Street | | |
| | Fitchburg | WI | 53719 |
| | City | State | ZIP Code |
| Contact phone | 6084388333 | Email | slarson@htlf.com |

Filed 6/1/2023 8:20 AM
Sara L. Smith
Lubbock County - 72nd District Court
Lubbock County, Texas

BL

## CAUSE NO. DC-2023-CV-0565

| | | |
|---|---|---|
| **FIRST BANK & TRUST,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff/Counter-Defendant,* | § | |
| | § | |
| | § | |
| **v.** | § | **LUBBOCK COUNTY, TEXAS** |
| | § | |
| | § | |
| **2B Farms, a General Texas Partnership, Terry** | § | |
| **Robinson, and Rebecca Robinson,** | § | |
| | § | |
| *Defendants/Counter-Plaintiffs.* | § | **72ⁿᵈ JUDICIAL DISTRICT** |

### DEFENDANTS' ORIGINAL ANSWER AND COUNTERCLAIMS

TO THE HONORABLE JUDGE OF SAID COURT:

**COME NOW**, 2B Farms, a General Texas Partnership, Terry Robinson, and Rebecca Robinson (collectively, **"Defendants"** or **"2B Farms"**), Defendants in the above-styled and –numbered cause, and file this their Original Answer, and in support of same would show unto the Court as follows:

### I.
### GENERAL DENIAL

1.      As permitted by Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every allegation contained in Plaintiff's First Amended Original Petition (**"Petition"**) and demand strict proof by a preponderance of credible evidence, as is required by the laws and Constitution of the State of Texas.

### II.
### AFFIRMATIVE DEFENSES

2.      Defendants assert that Plaintiff First Bank & Trust (**"Plaintiff"** or **"First Bank"**), by and through its employees and officers, committed a material breach of the parties' Loan Agreement (as defined in the Petition), by failing to monitor the deposits made and monies paid on behalf of Defendants from their account held by Plaintiff.  In fact, Plaintiff maintained possession of signed checks on the McClain Farms, Inc. (**"McClain Farms"**) account held at another bank and delivered directly to First Bank by a

First Bank & Trust v. 2B Farms, a General Texa[...]
Defendants' First Amended Original Answer a[...]    [...]becca Robinson    Page 1 of 11
{00669669.DOCX - ver}

**EXHIBIT**

**G**

Copy from re:SearchTX

McClain Farms representative in person or by overnight mail, which **Plaintiff then directly filled out in amounts totaling millions of dollars, for which Plaintiff then deposited said pre-signed McClain Farms' checks into 2B Farms' account without 2B Farms' endorsement ("Deposited Funds")**. Moreover, Plaintiff gave immediate credit for said Deposited Funds, and then would wire out additional funds on the 2B Farms' account without said Deposited Funds having cleared. Therefore, any claim for recovery by Plaintiff must be offset given Plaintiff's negligent and/or grossly negligent acts set forth above.

3.        Furthermore, Defendants have made significant payments on the claimed amounts owed, and said payments should offset any alleged amounts claimed owing by Plaintiff, and/or other payments made by Defendants to Plaintiff for which Defendants have not been reimbursed or credited, and/or Defendants' damages related to the before mentioned breach and acts under the Loan Agreement.

4.        Moreover, Plaintiff knew or should have known that there was no mechanism for immediate credit to be given to McClain Farms' checks (totaling millions of dollars) deposited into 2B Farms' account, which Plaintiff directly filled out **for McClain Farms**, yet Plaintiff still chose to give immediate credit to 2B Farms' account and allowed wire transactions to occur from the aforementioned account knowing said Deposited Funds had not cleared, but charging 2B Farms interest on said amounts. At no time did Plaintiff ask nor require the Deposited Funds to clear prior to sending out the outbound wire transactions totaling millions of dollars. Plaintiff did this in direct violation of Plaintiff's own policies and procedures. Plaintiff was in total control of McClain Farms' checks, filled the same out, deposited the same (without endorsement), gave instant credit into the Deposited Funds on its own direction and control, and then wired out funds to McClain Farms account(s) all in the exact same time frame.

5.        Defendants plead the doctrine of comparative fault, and breach of good faith and fair dealing as both a legal and equitable factor in adjudging the relative positions of the parties in this case.

First Bank & Trust v. 2B Farms, a General Texas Partnership, Terry Robinson, and Rebecca Robinson
Defendants' First Amended Original Answer and Counterclaims
{00669669.DOCX - ver}                                                                                     Page 2 of 11

Copy from re:SearchTX

6.      Defendants affirmatively assert that Plaintiff's claims are barred in whole or in part by the prevention of performance and/or the impossibility/impracticability of performance, by Plaintiff, and/or other third-parties and/or circumstance beyond the control of Defendants.

7.      Defendants affirmatively assert that Plaintiff's alleged damages, if any, should be reduced, in whole or in part, due to Plaintiff's failure to mitigate said damages.

8.      Defendants affirmatively assert that Plaintiff's claims against them are barred by the doctrines of laches, waiver, unclean hands and/or estoppel.

9.      Defendants further evidence their intent to rely upon all other affirmative defenses, including, but not limited to, those affirmative defenses enumerated in the Texas Rules of Civil Procedure 94, together with such other statutory and common law defenses, whether now in existence or existing subsequent to the filing of this Answer, whether recognized by this State or any other state, which apply by the facts of this case.

10.     Defendants reserve the right to assert such other pleas and defenses, as continuing investigation and discovery may be made known to Defendants, and reserve the right to amend and/or supplement this Answer at any time.

### III.
### COUNTERCLAIMS

**NOW COMES** 2B Farms, a General Texas Partnership, Terry Robinson, and Rebecca Robinson, hereinafter Counter-Plaintiff (collectively, **"2B Farms"** or **"Counter-Plaintiffs"**), complaining of and about First Bank & Trust, hereinafter Counter-Defendant (**"First Bank"** or **"Counter-Defendant"**), and for cause of action shows unto the Court the following:

### A. PARTIES

1.      Counter-Plaintiffs 2B Farms, Terry Robinson and Rebecca Robinson may be contacted through the undersigned counsel.

2.      Counter-Defendant, First Bank & Trust is a legal entity authorized to transact business in the State of Texas as is presently before the Court in this action.

First Bank & Trust v. 2B Farms, a General Texas Partnership, Terry Robinson, and Rebecca Robinson
Defendants' First Amended Original Answer and Counterclaims
{00669669.DOCX - ver}                                                                                    Page 3 of 11

Copy from re:SearchTX

## B. DISCOVERY CONTROL PLAN

3.      Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4.

## C. JURISDICTION AND VENUE

4.      Jurisdiction is proper in this Court as the amount in issue does not exceed the minimum jurisdictional limits of this Court.

5.      Venue in Lubbock County, Texas is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code, as all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Lubbock County, Texas.

## D. AMOUNT IN CONTROVERSY

6.      Pursuant to Rule 47(c) of the Texas Rules of Civil Procedure, Counter-Plaintiff seeks monetary relief over $1,000,000 and non-monetary relief.

## E. FACTS

7.      Counter-Plaintiff 2B Farms is a Texas general partnership owned by Counter-Plaintiffs Terry (Bo) and Rebecca Robinson. They run a farming and ranching operation outside of Snyder, Texas. As part of its cattle operations, 2B Farms would buy and sell cattle through McClain Feedyard, Inc., 7M Feeders, Inc., and/or McClain Farms, Inc. (collectively, "**McClain**" or "**McClain Feedyard**") through its feed yards in either Hereford or Friona, Texas, or in Kentucky. First Bank handled the vast majority of banking with 2B Farms, and was very active in, and participated with said buying and selling of cattle including directly dealing with McClain. In approximately April, 2023, the McClain Feedyard operations were ultimately uncovered to be a large Ponzi scheme, whose recent collapse has caused immense damage to 2B Farms and numerous other ranchers and lenders, with preliminary damages estimated to be in excess of $100 million.

8.      As set forth above and shown below, Counter-Defendant First Bank participated in 2B Farms' cattle transactions with McClain far beyond the typical customer/lender relationship, not only

First Bank & Trust v. 2B Farms, a General Texas Partnership, Terry Robinson, and Rebecca Robinson
Defendants' First Amended Original Answer and Counterclaims
{00669669.DOCX - ver}                                                                                                    Page 4 of 11

Copy from re:SearchTX

violating its own internal policies and procedures, but also the regulations governing federal and state lending institutions such as First Bank. This relationship lasted for years, and 2B Farms had reliance upon the same. Such relationship amounted to a special relationship rising to an informal fiduciary duty level. First Bank's policies, procedures and regulations are designed to protect both the lending institution and its customers such as 2B Farms, who actively relied upon same. First Bank's own breaches of its duties, as well as its negligence/gross negligence in this regard was severely detrimental to 2B Farms, as well as a breach of the Loan Agreements First Bank and 2B Farms had entered.

9.    In this regard, First Bank held a large number of pre-signed checks on a McClain account at Mechanic Bank, and which a McClain representative would periodically hand-deliver or overnight mail to First Bank to hold in trust in order to do business with 2B Farms and First Bank. Whenever 2B Farms sold cattle through McClain Feedyard, First Bank would take one of the pre-signed/hand-delivered checks on the McClain account it was holding, and it (First Bank) would then fill in the name of the payor (*i.e.* "2B Farms") and fill in the amount of the check for McClain, and then deposit the check into the 2B Farms' account at First Bank, generally without 2B Farms' endorsement. The amounts First Bank would write on the checks were based upon hand-written cattle sale statements from McClain. In early April, 2023, a First Bank representative filled out the following three (3) checks based upon sale statements prepared by McClain Feedyard and then deposited them into 2B Farms' account without 2B Farms' endorsement:

| Check | Date of Check | Amount of Check |
|---|---|---|
| McClain Farms Inc. Check # 7331 | April 4, 2023 | $2,530,920.39 |
| McClain Farms Inc. Check # 7620 | April 5, 2023 | $2,559,407.02 |
| McClain Farms Inc. Check # 7621 | April 6, 2023 | $2,510,991.45 |
| | TOTAL: | $7,601,318.86 |

True and correct copies of the checks filled out and deposited by First Bank are attached hereto as Exhibits "A-1", "A-2" and "A-3", respectively, and incorporated herein by reference for all purposes.

First Bank & Trust v. 2B Farms, a General Texas Partnership, Terry Robinson, and Rebecca Robinson
Defendants' First Amended Original Answer and Counterclaims
{00669669.DOCX - ver}                                                                    Page 5 of 11

Copy from re:SearchTX

10.     During the same time period the above-referenced checks were being filled out, negotiated and deposited into 2B Farms' account by First Bank, the following wire transfers were also initiated and sent out by First Bank to McClain Feedyard to purchase additional cattle on behalf of 2B Farms:

| Wire Out Date | Recipient | Amount | # Cattle Intended to Purchase from McClain |
|---|---|---|---|
| April 4, 2023 | McClain Feedyard, Inc. | $2,473,847.58 | 2205 hd |
| April 5, 2023 | McClain Feedyard, Inc. | $2,499,037.72 | 2222 hd |
| April 6, 2023 | McClain Feedyard, Inc. | $2,486,071.62 | 2219 hd |
| | **TOTAL:** | **$7,458,956.92** | **6,646 hd** |

True and correct copies of the First Bank wires from 2B Farm's account and supporting McClain Feedyard, Inc. sale invoices are attached hereto as Exhibits "B-1", "B-2" and "B-3", respectively, and incorporated herein by reference for all purposes.

11.     As set forth above, First Bank held the pre-signed McClain checks in a drawer for McClain at the bank, filled out the checks, deposited the checks without 2B Farms' endorsement, chose to give immediate credit for said checks to 2B Farms, then wired out similar amounts to McClain Feedyard, Inc.'s account at Mechanic Bank without ever confirming the Deposited Funds from McClain Farms, Inc.'s had cleared or had available funds, all to the detriment of 2B Farms.

12.     Now, after McClain Farm, Inc.'s account was unable to cover the three (3) checks (Exhibits "A-1", "A-2" and "A-3") that First Bank wrote, deposited without endorsement and gave instant credit on, it chose to sue 2B Farms for said overdrafts – despite its own breach of the Loan Agreement, and negligent and grossly negligent acts in violation of First Bank's own policies and procedures, and other regulatory restrictions.

13.     Further, at all times herein, First Bank was charging 2B Farms interest on its loans, and deriving a profit from said actions at 2B Farms' expense.

First Bank & Trust v. 2B Farms, a General Texas Partnership, Terry Robinson, and Rebecca Robinson
Defendants' First Amended Original Answer and Counterclaims                                         Page 6 of 11
{00669669.DOCX - ver}

Copy from re:SearchTX

14.     First Bank has now filed the underlying action against Counter-Plaintiffs seeking to wrongfully destroy the lives and livelihood of 2B Farms and the Robinsons. Said actions or inactions by First Bank caused damage to 2B Farms, and caused Counter-Plaintiffs' injury, and further required 2B Farms to retain the undersigned counsel to both defend this suit and prosecute their claims. First Bank has sued 2B Farms for in excess of $8,600,000, despite significant payments and credits not being applied to said claim. First Bank has further tried to wrongfully shut down 2B Farms and destroy the Robinsons' business operations such as 2B Farms. As additional damages, 2B Farms NEVER received the cattle it purchased as set forth in the three (3) invoices (Exhibits "B-1", "B-2" and "B-3"). Therefore, in addition to amounts claimed owed, 2B Farms has also lost nearly $7,500,000 worth of cattle it is rightfully entitled to receive as monies (wires) were sent to McClain to purchase same. But for First Bank's actions and inactions, 2B Farms would not have suffered the damages it now has.

## F. CAUSES OF ACTION

### Negligence/Gross Negligence

15.     Counter-Plaintiffs incorporate by reference the allegations set forth above as if the same were fully set forth herein.

16.     First Bank owed a duty to 2B Farms.

17.     First Bank breached its duty to 2B Farms by failing to implement or failing to follow its own loan agreement, policies, procedures, and state/federal regulations, including but not limited to those which require funds to clear prior to wiring out uncleared funds on a customer's account.

18.     First Bank breached its duty to 2B Farms by being aware of all 2B Farms' dealings with the McClain Feedyard, and being directly involved in the buying and selling of cattle as set forth above, and it knew or should have known of the status of any monies, or lack thereof, associated with such transactions, and the extreme risk of giving instant credit on the McClain checks (Deposited Funds) and wiring out millions of dollars to McClain simultaneously. But instead, it chose to proceed with wires

First Bank & Trust v. 2B Farms, a General Texas Partnership, Terry Robinson, and Rebecca Robinson
Defendants' First Amended Original Answer and Counterclaims
{00669669.DOCX - ver}

Page 7 of 11

Copy from re:SearchTX

(payments) to McClain Feedyard with funds totaling nearly $7,500,000, which had not cleared 2B Farms'
account held by First Bank.

19.     First Bank's breach of its duty is the proximate cause of injuries suffered by Counter-
Plaintiffs.

20.     Further, First Bank's conduct was grossly negligent, in that, when viewed objectively form
the standpoint of 2B Farms at the time of its acts or omissions, the conduct involved an extreme degree of
risk to Counter-Plaintiffs. Furthermore, said conduct was grossly negligent considering the probability and
magnitude of the potential harm to 2B Farms, and that First Bank had actual and subjective awareness of
the risk involved, but, nevertheless, proceeded with conscious indifference to the rights, safety and/or
welfare of Counter-Plaintiffs to their detriment.

**Breach of Contract**

21.     Counter-Plaintiffs incorporate by reference the allegations set forth above as if the same
were fully set forth herein.

22.     2B Farms seeks to recover under a breach of contract cause of action against First Bank.

23.     2B Farms asserts that First Bank, by and through its employees and officers, committed a
material breach of the parties' Loan Agreement (as defined in the First Amended Petition), by failing to
monitor the deposits made and monies paid on behalf of 2B Farms' account held by First Bank. First Bank
received and maintained possession of signed checks on the McClain Farms' account held at another bank,
which First Bank would then fill out in amounts totaling millions of dollars, for which First Bank then
deposited said pre-signed McClain Farms' checks into 2B Farms' account without endorsement. Moreover,
First Bank gave immediate credit for said Deposited Funds in breach of the Loan Agreement, and then
would wire out additional funds on the 2B Farms' account without said Deposited Funds having cleared.

24.     Moreover, First Bank knew or should have known that there was no mechanism for
immediate credit to be given to McClain Farms' checks (totaling millions of dollars) deposited into 2B
Farms' account, which First Bank directly filled out for McClain Farms, yet First Bank still chose to give

First Bank & Trust v. 2B Farms, a General Texas Partnership, Terry Robinson, and Rebecca Robinson
Defendants' First Amended Original Answer and Counterclaims                                            Page 8 of 11
{00669669.DOCX - ver}

Copy from re:SearchTX

immediate credit to 2B Farms' account and allowed wire transactions to occur from the aforementioned account knowing said Deposited Funds had not cleared. At no time did First Bank ask nor require the Deposited Funds to clear prior to outbound wire transactions occuring, yet First Bank still did this in direct violation of First Bank's own policies and procedures. First Bank was in control of McClain Farms' checks, filled the same out, deposited the same (without endorsement) and gave instant credit into the deposited funds on its own direction and control, all of which injured and damaged 2B Farms in an amount of over $15,000,000.

**Breach of Informal Fiduciary Duties**

25.    Counter-Plaintiffs incorporate by reference the allegations set forth above as if the same were fully set forth herein.

26.    2B Farms seeks to recover under a breach of an informal fiduciary duty cause of action.

27.    At all material times herein, 2B Farms were fiduciaries with First Bank, at a minimum informally, because of the extreme confidential and special relationship of the parties due to the specific trust and confidence present in this relationship, and First Bank exercised excessive lender control over, or influence in, 2B Farm's cattle business activities.

28.    First Bank owed 2B Farms fiduciary duties including, without limitation, the duty of: (1) reasonable care of any assets within its custody, as well as the duties of (2) loyalty and utmost good faith, (3) candor, (4) to refrain from self-dealing, (5) to act with integrity of the strictest kind, (6) duty of fair and honest dealing, and (7) duty of full disclosures. The facts described above demonstrate that the First Bank was negligent, as well as grossly negligent in performing its duties by failing to use reasonable care of 2B Farms' assets, failed to act with utmost good faith and loyalty to 2B Farms, failed to act with candor, failed to refrain from self-dealing, failed to act with integrity of the strictest kind, failed to deal fairly and honestly with 2B Farms,

First Bank & Trust v. 2B Farms, a General Texas Partnership, Terry Robinson, and Rebecca Robinson
Defendants' First Amended Original Answer and Counterclaims
{00669669.DOCX - ver}

Page 9 of 11

Copy from re:SearchTX

and failed in its duty of full disclosure. First Bank's actions and omissions in this regard have caused significant damages to Counter-Plaintiffs.

## IV.
## ATTORNEYS' FEES

29.    It was necessary for Defendants/Counter-Plaintiffs to secure the services of the law firm of McWhorter, Cobb and Johnson, LLP, to defend and prosecute this suit. Defendants/Counter-Plaintiffs request that all reasonable attorneys' fees, expenses and costs of court through trial and all levels of appeal be taxed as costs and be ordered paid.

## V.
## JURY DEMAND

Defendants/Counter-Plaintiffs hereby request a trial by jury in this lawsuit. A jury fee was paid contemporaneously with the filing of this pleading.

## VI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants/Counter-Plaintiffs 2B Farms, a General Texas Partnership, Terry Robinson, and Rebecca Robinson pray that Plaintiff/Counter-Defendant First Bank & Trust's claims be dismissed, and that Counter-Plaintiffs recover all damages allowed by law and equity against Counter-Defendant, including actual and consequential damages, together with prejudgment and post judgment interest at the maximum rate allowed by law, attorney's fees, and such other further relief to which the Counter-Plaintiffs may be entitled at law or in equity. Further, that they recover all costs of court incurred herein, together with such other and further relief, general or special, legal or equitable, to which 2B Farms, Terry Robinson, and Rebecca Robinson may show themselves justly entitled.

First Bank & Trust v. 2B Farms, a General Texas Partnership, Terry Robinson, and Rebecca Robinson
Defendants' First Amended Original Answer and Counterclaims                                    Page **10 of 11**
{00669669.DOCX - ver}

Copy from re:SearchTX

Respectfully submitted

**MCWHORTER, COBB & JOHNSON, L.L.P.**
1722 Broadway
P.O. Box 2547
Lubbock, Texas 79408
(806) 762-0214 – Telephone
(806) 762-8014 – Facsimile

Timothy T. Pridmore
SBN: 00788224
*tpridmore@mcjllp.com*
Todd J. Johnston
SBN: 24050837
*tjohnston@mcjllp.com*
David C. Rice
*drice@mcjllp.com*
SBN: 24131611

By: /s/ Timothy T. Pridmore
    Timothy T. Pridmore

***ATTORNEYS FOR DEFENDANTS AND COUNTER-
PLAINTIFFS 2B FARMS, A GENERAL TEXAS
PARTNERSHIP, TERRY ROBINSON, AND
REBECCA ROBINSON***

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of May, 2023, a true and correct copy of this document has been served in accordance with TEX. R. CIV. P. 21 and 21a, upon all counsel of record.

/s/ Timothy T. Pridmore
Timothy T. Pridmore

First Bank & Trust v. 2B Farms, a General Texas Partnership, Terry Robinson, and Rebecca Robinson
Defendants' First Amended Original Answer and Counterclaims                                    Page 11 of 11
{00669669.DOCX - ver}

Copy from re:SearchTX

# Exhibit "A-1"

Copy from re:SearchTX



→ Do not endorse or write below this line.

ENDORSE HERE

X

☐ CHECK BOX FOR MOBILE/REMOTE DEPOSIT
WRITE NAME OF FINANCIAL INSTITUTION ON LINE ABOVE.

*>111319347<*   04/13/2023
0007.54&6.54

# Exhibit "A-2"

Copy from re:SearchTX



Do not endorse or write below this line.

ENDORSE HERE.

☐ CHECK BOX FOR MOBILE/REMOTE DEPOSIT
WRITE NAME OF FINANCIAL INSTITUTION ON LINE ABOVE

*>111319347<*    04/13/2023
0007548652

# Exhibit "A-3"

Copy from re:SearchTX



Case 23-50096-swe12    Doc 48-1    Filed 08/11/23    Entered 08/11/23 20:02:53    Desc
Exhibits A-G    Page 38 of 48

Case 23-05002-rlj    Doc 1-7    Filed 07/13/23    Entered 07/13/23 21:19:40    Desc
Defendant Original Answer and Counterclaims    Page 20 of 30

Do not endorse or write below this line.

**ENDORSE HERE**

x

Credited to the Account of the Within Named Payee
Absence of Endorsement Guaranteed
Fast Bank & Trust Co.
111319347

☐ **CHECK BOX FOR MOBILE/REMOTE DEPOSIT**
WRITE NAME OF FINANCIAL INSTITUTION ON LINE ABOVE

*>111319347<*    04/17/2023
0000754874 8

# Exhibit "B-1"

Copy from re:SearchTX

# MCCLAIN FEEDYARD

**INVOICE**

824 MULLINS LANE
BENTON KY 42025

| INVOICE # | DATE |
|---|---|
| | 4/4/2023 |

**BILL TO**
BO ROBINSON

| CUSTOMER ID | TERMS |
|---|---|
| | Due Upon Receipt |

| DESCRIPTION | QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| 353 H 208976# @193.51 | 1835 | 208976 | 1.9351 | 404,389.46 |
| 237 H 134616# @193.90 | 1836 | 134616 | 1.9390 | 261,020.42 |
| 315 H 177975# @193.95 | 1837 | 177975 | 1.9395 | 345,182.51 |
| 260 H 148980# @193.83 | 1838 | 148980 | 1.9383 | 288,767.93 |
| 508 H 299720# @193.52 | 1839 | 299720 | 1.9352 | 580,018.14 |
| 223 H 133131# @193.46 | 1840 | 133131 | 1.9346 | 257,555.23 |
| 309 H 173658# @194.01 | 1841 | 173658 | 1.9401 | 336,913.89 |

*Thank you for your business!*

| | |
|---|---|
| SUBTOTAL | 2,473,847.58 |
| CHECK OFF | |
| TOTAL | $ 2,473,847.58 |

IF YOU HAVE ANY QUESTIONS ABOUT THIS INVOICE, PLEASE CONTACT
MEAGAN GOAD AT 270-703-1295 OR MCCLAINFARMS@GMAIL.COM

Copy from re:SearchTX

FirstBank & Trust
9816 Slide Road
Lubbock, TX 79424

Outgoing Wire — Advice of Debit

Date:  04/04/2023                          Wire Create Time: 0844

Account #        : *****8270
Originator Name : 2B FARMS
Amount           : $2,473,847.58
GFX Reference    : 20230940072800

Beneficiary Bank: MECH BK WALNUT CR
Beneficiary      : *********7
                   MCCLAIN FEED YARD INC.

Beneficiary Info (OBI):
                   CATTLE PURCHASE

Bank to Bank Info (BBI):

Reference for Beneficiary (RFB):

Fed Reference Number (IMAD):
                   20230404L1LFB83C000133

Please do not respond to this email address as it is an unmonitored
mailbox.

Copy from re:SearchTX

# Exhibit "B-2"

Copy from re:SearchTX

# MCCLAIN FEEDYARD

**824 MULLINS LANE**

**BENTON KY 42025**

# INVOICE

| INVOICE # | DATE |
|---|---|
| | 4/5/2023 |

| BILL TO | CUSTOMER ID | TERMS |
|---|---|---|
| BO ROBINSON | | Due Upon Receipt |

| DESCRIPTION | QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| 161 h 93541# @194.17 | 1842 | 93541 | 1.9417 | 181,628.56 |
| 351 h 203229# @194.20 | 1843 | 203229 | 1.9420 | 394,670.72 |
| 382 h 215448# @194.45 | 1844 | 215448 | 1.9445 | 418,938.64 |
| 304 h 177232# @194.13 | 1845 | 177232 | 1.9413 | 344,060.48 |
| 291 h 172272# @193.98 | 1846 | 172272 | 1.9398 | 334,173.23 |
| 412 h 241844# @194.09 | 1847 | 241844 | 1.9409 | 469,395.02 |
| 321 h 183291# @194.32 | 1848 | 183291 | 1.9432 | 356,171.07 |

*Thank you for your business!*

| | |
|---|---|
| SUBTOTAL | 2,499,037.72 |
| CHECK OFF | |
| TOTAL | $ 2,499,037.72 |

IF YOU HAVE ANY QUESTIONS ABOUT THIS INVOICE, PLEASE CONTACT
MEAGAN GOAD AT 270-703-1295 OR MCCLAINFARMS@GMAIL.COM

Copy from re:SearchTX

FX/PAYplus Connect Message Print  Message Inquiry Display Dialog Box

ser: b1clf    Bank: HEARTLAND FINANCIAL    Date: 04/27/23 11:04:21

essage Status: PNRM
eq Num: 20230950104800     Related Seq Num: 20230950113100
ay Method: FED Output     Message ID: FTI0811
ate Recvd: 04/05/2023 10:27:06     Value Date: 04/05/2023

ender: 111319347,    Receiver:  122238420
mount:  $2,499,037.72
ebit info --
    Account: 100118270  Inst: 014  Br: 081  Type: D9
    Name:    2B FARMS
    Addr1:   DBA 2 B FARMS
    Addr2:   9397 CR 3114
    Addr3:   SNYDER TX 79549
    Addr4:

redit info --
    Rcvr:    122238420
    Name:    MECHANICS BANK
    Addr1:
    Addr2:
    Addr3:
    Addr4:

ivice:           Dept:    DEPT1    Trancode: DOMESTIC
ategory:         Linesheet:         Create Template: 2bmc

essage Text:

    Sndr Info   {1500}30        P
    Msg Type    {1510}1000
    IMAD        {1520}20230405L1LFB83C000251
    Amount      {2000}000249903772
    Sender DI   {3100}111319347
    Sndr Ref    {3320}20230950104800*
    Rcvr DI     {3400}122238420
    Bus Func    {3600}CTR
    BNF         {4200}D0819150197*
                MCCLAIN FEED YARD INC.*
    ORG         {5000}D100118270*
                2B FARMS*
                DBA 2 B FARMS*
                9397 CR 3114*
                SNYDER TX 79549*
    OBI         {6000}CATTLE PURCHASE*

Copy from re:SearchTX

# Exhibit "B-3"

Copy from re:SearchTX

# MCCLAIN FEEDYARD

# INVOICE

**824 MULLINS LANE**

**BENTON KY 42025**

| INVOICE # | DATE |
|---|---|
| | 4/6/2023 |

| BILL TO |
|---|
| BO ROBINSON |

| CUSTOMER ID | TERMS |
|---|---|
| | Due Upon Receipt |

| DESCRIPTION | QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| 233 H 134208# @194.26 | 1849 | 134208 | 1.9426 | 260,712.46 |
| 233 H 132344# @194.38 | 1850 | 132344 | 1.9438 | 257,250.27 |
| 511 H 298935# @194.11 | 1851 | 298935 | 1.9411 | 580,262.73 |
| 263 H 148858# @194.40 | 1852 | 148858 | 1.9440 | 289,379.95 |
| 353 H 208623# @194.03 | 1853 | 208623 | 1.9403 | 404,791.21 |
| 318 H 183486# @194.25 | 1854 | 183486 | 1.9425 | 356,421.56 |
| 308 H 173404# @194.49 | 1855 | 173404 | 1.9449 | 337,253.44 |

*Thank you for your business!*

| | |
|---|---|
| SUBTOTAL | 2,486,071.62 |
| CHECK OFF | |
| TOTAL | $ 2,486,071.62 |

**IF YOU HAVE ANY QUESTIONS ABOUT THIS INVOICE, PLEASE CONTACT
MEAGAN GOAD AT 270-703-1295 OR MCCLAINFARMS@GMAIL.COM**

Copy from re:SearchTX

FX/PAYplus Connect Message Inquiry Message Display Status Log

ser: b1clf      Bank: HEARTLAND FINANCIAL      Date: 04/27/23 11:04:22

essage Status: PNRM
eq Num: 20230960113100        Related Seq Num: 20230960113700
ay Method: FED Output      Message ID: FTI0811
ate Recvd: 04/06/2023 10:35:15      Value Date: 04/06/2023

ender: 111319347,      Receiver: 122238420
nount: $2,486,071.62
ebit info --
    Account: 100118270  Inst: 014  Br: 081  Type: D9
    Name:     2B FARMS
    Addr1:    DBA 2 B FARMS
    Addr2:    9397 CR 3114
    Addr3:    SNYDER TX 79549
    Addr4:

redit info --
    Rcvr:     122238420
    Name:     MECHANICS BANK
    Addr1:
    Addr2:
    Addr3:
    Addr4:

dvice:              Dept:    DEPT1     Trancode: DOMESTIC
ategory:            Linesheet:         Create Template: 2bmc

essage Text:

    Sndr Info    {1500}30        P
    Msg Type     {1510}1000
    IMAD         {1520}20230406L1LFB83C000257
    Amount       {2000}000248607162
    Sender DI    {3100}111319347
    Sndr Ref     {3320}20230960113100*
    Rcvr DI      {3400}122238420
    Bus Func     {3600}CTR
    BNF          {4200}D0819150197*
                 MCCLAIN FEED YARD INC.*
    ORG          {5000}D100118270*
                 2B FARMS*
                 DBA 2 B FARMS*
                 9397 CR 3114*
                 SNYDER TX 79549*
    OBI          {6000}CATTLE PURCHASE*

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Jill Norman on behalf of Timothy Pridmore
Bar No. 788224
jnorman@mcjllp.com
Envelope ID: 76176237
Filing Code Description: Counter Claim/Cross
Action/Interpleader/Intervention/Third Party
Filing Description: Defendants' Original Answer and Counterclaims
Status as of 6/1/2023 8:45 AM CST

Associated Case Party: First Bank & Trust

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John H. Lovell | 12609300 | John@lovell-law.net | 6/1/2023 8:20:31 AM | SENT |
| Lori Tiner | | lori.tiner@steptoe-johnson.com | 6/1/2023 8:20:31 AM | SENT |
| Kaye Baldwin | | kaye@lovell-law.net | 6/1/2023 8:20:31 AM | SENT |
| Dunham Biles | | dunham.biles@steptoe-johnson.com | 6/1/2023 8:20:31 AM | SENT |
| Charlene Tackett | | charlene.tackett@steptoe-johnson.com | 6/1/2023 8:20:31 AM | SENT |

Associated Case Party: 2B Farms, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Todd Johnston | 24050837 | tjohnston@mcjllp.com | 6/1/2023 8:20:31 AM | SENT |
| Timothy Thomas Pridmore | 788224 | tpridmore@mcjllp.com | 6/1/2023 8:20:31 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jill DeniseNorman | | jnorman@mcjllp.com | 6/1/2023 8:20:31 AM | SENT |
| Todd Johnston | | tjohnston@mcjllp.com | 6/1/2023 8:20:31 AM | SENT |
| David CRice | | drice@mcjllp.com | 6/1/2023 8:20:31 AM | SENT |